UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE J. BATES                          CIVIL ACTION

VERSUS                                   NO: 11-975

AT&T CORPORATION, ET AL.                 SECTION: R(4)

**<u>ORDER AND REASONS</u>**

Before the Court is plaintiff George Bates's motion to remand.[1] Because the defendants failed to demonstrate by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000, the Court GRANTS Bates's motion to remand.

**I.   BACKGROUND**

SBC Internet Services ("SBC") hired plaintiff George Bates as a Premises Technician in October 2009. While employed at SBC, plaintiff's annual base salary was $27,040 per year. On March 31, 2010, SBC fired Bates. Bates was out of work for approximately two months. In May of 2010, Bates obtained a part-time job with Macy's Department Store, earning $204 per week. Then on June 1, 2010, Bates began working as the janitor and maintenance supervisor at St. Agnes Parochial School, earning

---

    [1]    R. Docs. 19, 17.

$25,100 annually.  Bates was still employed by St. Agnes Parochial School at the time of removal.

On March 29, 2011, Bates filed a complaint in state court against AT&T Corporation ("AT&T") and SBC alleging wrongful termination.  He asserts that the defendants negligently fired him because they failed to provide him with adequate training or supervision, because they failed to follow their own guidelines and procedures and because they hired supervisors who provided inadequate training and ordered employees to violate company policies.  Bates's state court complaint seeks damages for loss of past income, loss of reputation, difficulty obtaining future jobs, loss of future income, mental and emotional anguish and trauma, as well as interest and attorney's fees.[2]  On April 25, 2011, defendants removed this matter to federal court.[3]  Plaintiff now moves to remand this case.  He asserts that the Court does not have subject matter jurisdiction because the amount in controversy does not exceed $75,000.

**II.  STANDARD**

**A. Removal**

A defendant generally may remove a state court civil action to federal court if the federal court has original jurisdiction

---

[2]    R. Doc. 1-1 at 6.

[3]    R. Doc. 1.

over the action.  28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).  The removing party bears the burden of showing that federal jurisdiction exists.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  To assess whether jurisdiction is appropriate, the Court considers the claims in the state court petition as they existed at the time of removal.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.  *Id.*  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B. Amount in Controversy**

Defendants assert that the Court has jurisdiction based on diversity of citizenship.  *See* 28 U.S.C. § 1332.  Diversity jurisdiction exists only when there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).  Because the parties agree that they are citizens of different states, the Court need consider only whether the amount in controversy requirement is met.

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff remains the master of his complaint." *Id.*

Here, however, plaintiff filed his complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages. *See* La. Code Civ. Proc. art. 893 ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand."). When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). A defendant

satisfies this burden either by showing that it is facially apparent that the plaintiffs' claims likely exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.

The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). When the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Allen*, 63 F.3d at 1336. If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1412.

## III. DISCUSSION

It is not facially apparent from Bates's state court petition that his damages exceed $75,000. Bates's petition does not provide his annual earnings before he was terminated and is devoid of monetary figures and facts from which the Court could infer an amount in controversy. Accordingly, the Court must

5

examine summary-judgment-type evidence to determine whether the amount in controversy exceeds $75,000.

In support of their argument, defendants note that Bates's annual base salary was $27,040. Accordingly, they contend that his potential back pay damages at the time of removal were at least $29,300. In addition to his claim for back pay, Bates seeks damages for loss of reputation, difficulty obtaining future jobs, loss of future income, mental and emotional anguish and trauma, as well as attorney's fees. Defendants argue that the potential damages for back pay combined with "a reasonable interpretation of the remaining damage claims" demonstrate that the amount in controversy is above $75,000. Plaintiff, however, asserts that his damages "do not, and have never exceeded $50,000."[4]

Plaintiff submitted detailed evidence indicating that his claims fall short of the jurisdictional requirement. Bates started work as a janitor/maintenance supervisor at St. Agnes Parochial School on June 1, 2010, and was still working at St. Agnes at the time of removal.[5] Plaintiff was out of work for approximately two months.[6] His potential claim for backpay, therefore, is approximately $4,500. Bates also states that he

---

[4] R. Doc. 25-1 at 2.

[5] R. Doc. 25-1 at 2.

[6] *Id.* at 1.

6

earns $25,100 per year working at St. Agnes, approximately $2,000 less than his annual salary at SBC. "Front pay is an award of monetary damages designed and calculated to make the plaintiff 'whole.'" *Washington v. Davis*, 2002 WL 1798764, at *2 (E.D.La. Aug. 5, 2002). Bates's employment at an almost comparable wage the time of removal limits the potential amount of front pay he could recover.

Nor do plaintiff's claims for loss of reputation and mental and emotional anguish raise the amount in controversy above the $75,000 threshold. In support of their argument, defendants cite damage awards in emotional distress cases ranging from $20,000 to $30,000 and damage awards in defamation cases "as high as $90,000."[7] First, the Court notes that the $94,000 award in *Trentecosta v. Beck*, 714 So.2d 721 (La. Cat. App. 1998), was for business losses arising out of the defamatory statement. In that case, the police accused the plaintiff of using his bingo hall to "bilk[] thousands of dollars from charities." *Trentecosta v. Beck*, 714 So.2d at 722. The amount of damages for the defamatory statement itself was a smaller figure -- $50,000. Here, although Bates contends that his reputation has been damaged as a result of defendants' alleged defamation, he identifies no economic consequences that could be translated into an amount in controversy over $75,000. *See St. Augustine High School, Inc. v.*

---

[7] R. Doc. 21 at 3 n.1.

*Applewhite*, 2011 WL 3423942, at *4 (E.D.La. Aug. 5, 2011) (granting motion to remand when plaintiff failed to identify economic consequences to exceed the amount in controversy requirement). Further, the $50,000 award appears to be an outlier, not a figure that is representative of average recovery for a defamation claim. Indeed, the other defamation damage awards listed in the case defendants cite, *Johnson v. Lanoix*, 847 So.2d 1283, 1287-89 (La. Ct. App. 2003), range from $5,000 to $35,000. Finally, to meet their burden, the defendants must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The Court finds, therefore, that defendants' citation of damage awards in defamation and emotional distress cases is not sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.

In addition, plaintiff submitted a sworn affidavit averring that his damages "do not, and have never exceeded $50,000."[8] Although plaintiff does not waive his right to recover any sum in excess of $75,000, and therefore his sworn affidavit is not binding, the Court "may assess jurisdiction with reference to all the evidence." *Bonck v. Marriott Hotels, Inc.*, 2002 WL 31890932, at *3 (E.D. La. Dec. 30, 2002) (citing *Domangue v. Commadore*

---

[8] R. Doc. 25-1 at 2.

*Cruise Line, Ltd.*, 1998 WL 205429, at *4 (E.D. La. Apr. 27, 1998)). Courts have expressly noted the usefulness of this type of stipulation. *See, e.g., Taylor v. Murphy*, 2000 WL 1023421, at * (E.D.La. Jul. 24, 2000) (lamenting plaintiff's failure to file a stipulation clarifying the amount in controversy). After considering all of the evidence, the Court finds that defendants failed to prove by a preponderance of the evidence that plaintiff's total damages exceed the jurisdictional amount. Accordingly, this Court does not have subject matter jurisdiction

IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Bates's motion to remand.

New Orleans, Louisiana, this 18th day of April, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE